

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00878-CR
No. 04-14-00879-CR

Matthew Douglas **HAYES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR10841W
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:　　Sandee Bryan Marion, Chief Justice
　　　　　　Karen Angelini, Justice
　　　　　　Jason Pulliam, Justice

Delivered and Filed:　June 10, 2015

DISMISSED

Appellant, Matthew Hayes, entered into a plea agreement in two separate cause numbers whereby he pled guilty to two charges of aggravated robbery with a deadly weapon under each cause number (for a total of four counts). Hayes subsequently perfected two separate appeals under each of the two cause numbers: 04-14-878-CR (878 appeal) and 04-14-879-CR (879 appeal).

On April 1, 2015, the State filed a notice and motion for correction in both appeals, in which it asserted Hayes waived his right to appeal in the 878 appeal as part of his plea bargain.

The State asserted that although the trial court admonished Hayes regarding waiver of his right to appeal, the form signed by the trial court is ambiguous, in that the trial court's marking appeared in the space between that granting permission to appeal and that stating there is no right to appeal. The State requested this court obtain a corrected certification from the trial court indicating appellant has no right to appeal in the 878 appeal. Appellant responded to the State's motion on April 20, 2015. In his response, appellant asserted the trial court granted permission to appeal in the 879 appeal, and thereby intended to, and did, grant permission to appeal in the 878 appeal as well.

On April 28, 2015, this court granted the State's Motion for Correction and Motion to Abate filed in both appeals, the 878 appeal and the 879 appeal. This court ordered the trial court to file a supplemental clerk's record in the 878 appeal to include a corrected "Certification of Defendant's Right of Appeal" as to Cause Number 2013-CR-10841W and which clearly indicated whether the trial court granted Hayes permission to appeal or whether there is no right to appeal.

On May 20, 2015, the trial court filed a supplemental clerk's record in both the 878 and the 879 appeal to include an "Amended Trial Court's Certification of Defendant's Right of Appeal" as to Cause Number 2013-CR-10841W (878 appeal) and 2013-CR-10842W (879 appeal). The amended certifications filed in both appeals are identical, and on each, the trial court clearly indicates both appeals originated from a plea bargain case, and Hayes has no right to appeal. The trial court also included a handwritten notation stating, "Orig cert. checked by Defendant's atty in error. Ct never gave Defendant permission to appeal."

Texas Rule of Appellate Procedure 25.2(d) provides an appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record…." TEX. R. APP. P. 25.2(d). In this case, the clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended and agreed to by the

defendant; therefore, the clerk's record supports the trial court's certification that defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

In light of the record presented and based upon the amended certification filed in both the 878 appeal and the 879 appeal, this court allowed appellant Hayes the opportunity to respond to show cause why his appeals should not be dismissed pursuant to Appellate Rule 25.2(d). Appellant Hayes responded, stating, the evidence did not support a finding that he used a deadly weapon, and his claims are so complex, the waiver of his right to appeal was not entered knowingly or intelligently. However, this response does not address the issue whether dismissal is required under Rule 25.2.

Therefore, in light of the record presented, appellant has no right of appeal in either the 878 or the 879 appeal. Therefore, Appellate Rule 25.2(d) requires this court to dismiss these appeals. TEX. R. APP. P. 25.2(d).

Accordingly, appeals No. 04-14-00878-CR and No. 04-14-00879-CR are dismissed. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH